# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAYMAR DODDS, | ) | 1:08-cv-00278-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT MOTION TO DISMISS (Doc. 6) |
| v. | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| A. HEDGEPATH, | ) | BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on February 27, 2008. (Doc. 1).

In his petition, Petitioner challenges his placement in administrative segregation as a result of being found guilty of engaging in a conspiracy to introduce controlled substances in the prison. (Doc. 1, p. 3). Petitioner argues that his due process and equal protection rights were violated by Respondent's actions in extending the period of time Petitioner was placed in administrative segregation. (Id.).

On May 14, 2008, the Court ordered Respondent to file a response. (Doc. 4). On July 3, 2008, Respondent filed the instant motion to dismiss, arguing that the claim is unexhausted and that Petitioner fails to state a claim to which habeas relief is entitled because the alleged violation of rights does not implicate either the fact or execution of his sentence. (Doc. 6). Petitioner did not file an opposition to the motion to dismiss.

///

///

1

**DISCUSSION**

    A.  <u>Procedural Grounds for Motion to Dismiss</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

    In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner has never presented his claim to the California Supreme Court and that Petitioner fails to state a claim for which habeas relief can be granted. Accordingly, the Court will review Respondent's motion pursuant to its authority under Rule 4.

    B.  <u>Exhaustion</u>

    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to

1   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

2   basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S.

3   1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420,

4   432-434, 120 S. Ct. 1479 (2000)(factual basis).

5          Additionally, the petitioner must have specifically told the state court that he was raising a

6   federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669

7   (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

8   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

9   Supreme Court reiterated the rule as follows:

10          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
       remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
11     to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
       federal rights" (some internal quotation marks omitted).  If state courts are to be given the
12     opportunity to correct alleged violations of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting claims under the United States Constitution.
13     If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
       him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
14     only in federal court, but in state court.

15   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

16
17          Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
       federal claims in state court *unless he specifically indicated to that court that those claims
       were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
18     Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must
       make the federal basis of the claim explicit either by citing federal law or the decisions of
19     federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882,
       889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying
20     claim would be decided under state law on the same considerations that would control
       resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir.
21     1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

22          In Johnson, we explained that the petitioner must alert the state court to the fact that
       the relevant claim is a federal one without regard to how similar the state and federal
23     standards for reviewing the claim may be or how obvious the violation of federal law is.

24
25   Lyons, 232 F.3d at 668-669 (italics added).

26          In the petition, under "Administrative Review," Petitioner claims to have filed several

27   "602's," i.e., administrative appeals of his placement in administrative segregation.  (Doc. 1, p. 5).

28   However, under the section for providing information about any state collateral proceedings that

    raise this claim, Petitioner indicated "N/A," i.e., not applicable.

                                              3

1   From the foregoing, by Petitioner's own admission, he did not present his claim to any

2   California court, much less to the California Supreme Court, as required by the exhaustion doctrine.

3   Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the

4   petition is entirely unexhausted and should be dismissed. Jiminez v. Rice, 276 F. 3d 478, 481 (9th

5   Cir. 2001).  Therefore,  Respondent's motion to dismiss should be granted.

6       C.  Failure to State a Claim

7   Respondent next contends that the petition should be dismissed for failure to state a claim

8   upon which habeas relief can be granted.  Respondent reasons that because the disciplinary outcome

9   Petitioner is challenging is his placement in administrative segregation rather than any loss of credits

10  that might directly affect the length of his sentence, he is not challenging the fact or execution of his

11  sentence but rather the conditions of his confinement.

12  Despite Respondent's straightforward reasoning, the issue itself is not so easily susceptible to

13  a cursory analysis.  "According to traditional interpretation, the writ of habeas corpus is limited to

14  attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.

15  1979)(citing Preiser v. Rodriguez, 411 U.S. 475, 484-486, 93 S. Ct. 1827 (1973)).  However, there is

16  a line of cases holding that the likelihood of the effect of the challenged proceeding on the overall

17  length of the prisoner's sentence determines the availability of habeas relief.  Ramirez v. Galaza, 334

18  F.3d 850, 858 (9th Cir. 2003); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)(habeas is

19  proper where petitioner seeks expungement of a disciplinary finding from his record if expungement

20  is likely to accelerate his eligibility for parole); see Docken v. Chase, 393 F.3d 1024, 1031-1032 (9th

21   Cir. 2004)(timing of parole review hearing can be challenged in habeas because, though not a "core"

22  habeas claim, the "potential relationship between [petitioner's] claim and the duration of his

23  confinement is undeniable.").

24  In situations where a petitioner has been confined to administrative segregation for an

25  extended period of time as a result of a disciplinary violation, it is certainly conceivable that the

26  petitioner could state a claim for habeas relief by contending that the administrative segregation

27  status is impeding his consideration for parole readiness or upon his ability to earn credits that would

28  affect his ultimate release date.  Indeed, it may even be that lengthy and indefinite confinement in

4

1    administrative segregation alone, without more, could under some circumstances fall within the

2    Court's habeas power.

3         However, the Court need not reach those issues in this case because Petitioner has not alleged

4    that his confinement in administrative segregation has had any impact whatsoever on his

5    consideration for parole.  Nor has he alleged any loss of credits, or ability to earn credits, as a result

6    of the disciplinary hearing and subsequent confinement in administrative segregation.  Absent such

7    critical allegations, Petitioner does not state a claim that would even have the "potential" for

8    extending his present sentence.  In other words, as presently pleaded, Petitioner is challenging merely

9    the circumstances, not the fact, of his confinement.  Accordingly, in addition to the fatal exhaustion

10   problem, the Court also agrees with Respondent that the petition must be dismissed for failure to

11   state a claim upon which habeas relief can be granted.

12                            **RECOMMENDATIONS**

13        Accordingly, the Court HEREBY RECOMMENDS that:

14        1.  Respondent's motion to dismiss (Doc. 6), be GRANTED; and

15        2.  The petition for writ of habeas corpus (Doc. 1), be DISMISSED because the claim

16            contained in the petition is not fully exhausted, and because Petitioner does not state a claim

17            upon which habeas relief can be granted.

18        These findings and recommendations are submitted to the United States District Judge

19   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

20   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

21   twenty (20) days after being served with a copy, any party may file written objections with the Court

22   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

23   Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within

24   ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  **Petitioner and**

25   **Respondent are forewarned that no extensions of time to file objections or replies will be**

26   **granted**.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

27   ///

28   ///

§ 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 6, 2009**                                          _____**/s/ Theresa A. Goldner**_____
_____                                                                                      UNITED STATES MAGISTRATE JUDGE